IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERHAN KAYIK,

          Petitioner,

    v.

RALPH M. DIAZ,

          Respondent.

NO. C12-5907 TEH

ORDER GRANTING MOTION FOR STAY AND ABEYANCE

This matter comes before the Court on Petitioner Erhan Kayik's motion to stay and hold in abeyance his habeas petition to allow him to exhaust three unexhausted claims in state court. After carefully considering the parties' written arguments and the record herein, this Court GRANTS Petitioner's motion for the reasons discussed below.

**BACKGROUND**

Petitioner was convicted in 2009 of second-degree murder in the California Superior Court for Alameda County. His direct appeal was unsuccessful. On November 19, 2012, approximately three weeks before the end of the one-year statute of limitations period imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), Petitioner filed a mixed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner acknowledges that his petition contains three unexhausted claims that allege ineffective assistance of trial counsel based on: (1) failure to investigate the background of Juror No. 5; (2) failure to present evidence for Petitioner's defense; and (3) trial counsel's concession that Petitioner intended to kill and was guilty of voluntary manslaughter.

On January 4, 2013, Petitioner filed a motion to stay and hold his petition in abeyance so that he could exhaust his unexhausted claims in state court. In opposing the motion, Respondent argues that: Petitioner failed to establish good cause for the delay in proceedings; Petitioner's unexhausted claims are not timely under 28 U.S.C. § 2244(d)(1)(D); and the unexhausted claims do not relate back to timely exhausted claims.

**DISCUSSION**

When presented with a petition containing both exhausted and unexhausted claims, a district court has discretion to use two different stay-and-abeyance procedures: the *Rhines* procedure and the *Kelly* procedure upheld in *King*. *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009) (citing *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003)). Under *Rhines v. Weber*, a district court has discretion to stay and hold in abeyance an entire pending mixed petition; unexhausted claims need not be dismissed while the petitioner attempts to exhaust them in state court. 554 U.S. 269, 275-77 (2005). The *Rhines* procedure requires a showing of "good cause for the petitioner's failure to exhaust his claims first in state court" and should be available only in limited circumstances. *Id.* at 277. "[E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his exhausted claims are plainly meritless." *Id.*; *Cf.* 28 U.S.C. § 2254(b)(2) (providing that a habeas petition may be denied on the merits notwithstanding a failure to exhaust). "And if Petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Rhines*, 554 U.S. at 278. If a stay and abeyance is not appropriate, the district court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Here, counsel for Petitioner provided a description of his process of investigating and identifying possible issues involving ineffective assistance of counsel, but he did not provide any facts as to why the unexhausted claims were not raised in state court before filing this federal habeas petition. Thus, Petitioner has failed to establish good cause for his failure to

2

exhaust and, indeed, abandoned the good cause argument in his reply papers. A stay under *Rhines* is therefore not appropriate.

However, the second basis for Petitioner's motion – the *Kelly* procedure upheld in *King* – does not require a showing of good cause. *King*, 564 F.3d at 1136. Under the three-step *Kelly* procedure, a district court has discretion to: (1) allow the petitioner to amend a mixed petition by deleting the unexhausted claims; (2) hold the exhausted claims in abeyance until the unexhausted claims are exhausted; and then (3) allow the petitioner to move to amend the stayed petition to add the now-exhausted claims. *King*, 564 F.3d at 1139 (citing *Kelly*, 315 F.3d at 1070). This procedure, "unlike the *Rhines* procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim," and "a petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a 'common core of operative facts' with the claims in the pending petition" pursuant to *Mayle v. Felix*, 545 U.S. 644 (2005). *King*, 564 F.3d at 1141. The *Kelly* procedure is appropriate when the "outright dismissal [of an entire mixed petition would] render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [AEDPA]" – in other words, "when valid claims would otherwise be forfeited." *Id.* (internal citations and quotations omitted).

In this case, the Court finds it unlikely that Petitioner would be able to return to federal court with an exhausted petition in the remaining three weeks before the AEDPA statute of limitations expires. Nor does the Court find Petitioner's claims to be invalid on their face. The Court therefore finds it appropriate to grant a stay and hold the petition in abeyance under *Kelly*. Although the parties' papers discussed whether the unexhausted claims are sufficiently related to the exhausted claims to allow amendment, the Court makes no findings at this time on that issue and will do so only upon a motion to amend brought by Petitioner following exhaustion of his currently unexhausted claims.

When a court stays and holds in abeyance a habeas petition, it should place reasonable time limits on the petitioner's trip to state court and back, so as to not undermine AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging

3

petitioners to seek relief in state court before filing their claims in federal court. *Rhines*, 554 U.S. at 275-76, 278. Thus, the Court conditions the stay on Petitioner's pursuit of state court remedies within thirty days after this stay is entered and his returning to this Court no later than thirty days after state court exhaustion is complete. *See Kelly*, 315 F.3d at 1071. Petitioner is cautioned that if he "fails to act within the allotted time, the stay may be vacated *nunc pro tunc* as of the date the district court enters the stay and his petition may be dismissed." *Id.*

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's January 4, 2013 motion to stay and hold his petition in abeyance, which the Court construes as including a request to delete his unexhausted claims, is GRANTED.

2. Petitioner's original petition, filed November 19, 2012, is deemed amended by deleting the following unexhausted claims involving ineffective assistance of trial counsel:

   a. Trial counsel's failure to investigate the background of Juror No. 5;

   b. Trial counsel's failure to present evidence for Petitioner's defense that the victim had a birth defect that caused his neck not to be developed normally, and that this birth defect contributed to the victim's death because the bones in his neck were weak and broke when Petitioner put the victim in a head lock;

   c. Trial counsel's concession that Petitioner intended to kill the victim and was guilty of voluntary manslaughter.

3. This action is stayed pending exhaustion of state court remedies with respect to Petitioner's unexhausted claims. Petitioner must file his state petition on or before **May 24, 2013**.

4. This action will not proceed further until Petitioner files a motion or stipulation to lift the stay, which must be filed within thirty days from the date of any final order by the California Supreme Court resolving his state petition.

4

5. The Clerk shall administratively close the file, which shall be re-opened once Petitioner files a motion to lift the stay.

**IT IS SO ORDERED.**

Dated: 04/24/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT